# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# CIVIL ACTION NO. 2:12CV93-RLV

| | |
|---|---|
| VERLIE MAE CHAMBLESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Memorandum and Order** |
| ) | |
| CAROLYN W. COLVIN, ACTING ) | |
| COMMISIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on cross-motions for summary judgment and all supporting memoranda and exhibits. (Docs. 10, 12).

## I.   PROCEDURAL AND BACKGROUND SUMMARY

On April 4, 2005, Plaintiff applied for Social Security Disability benefits alleging disability since October 1, 2004. In 2008, Plaintiff's application was denied and after a subsequent hearing the administrative law judge ("ALJ") denied Plaintiff benefits. (Tr. 63). In 2011, the Appeals Council remanded for a new hearing.[1] (Tr. 60). In 2011, the ALJ denied Plaintiff benefits and denied her request for review. The hearing decision is final, and Plaintiff has exhausted her administrative remedies. The matter before the court is on review under 42 U.S.C. § 405(g).

Plaintiff's severe impairments include: lumbosacral degenerative disc disease, spondylosis, hamstring strain of the right knee and borderline intellectual functioning. (Tr. 19).

---

[1] On remand, the ALJ was to further consider claimant's RFC during the entire period at issue and give rationale with specific reference to evidence of record. (Tr. 17). Additionally, the ALJ was to evaluate the non-treating opinion of Dr. Marcus under SSRs 96-2p and 96-5p and explain the weight given to such opinion evidence. (Tr. 17).

1

Plaintiff was born on January 1, 1949, making her fifty-five years old at the time of her alleged onset of disability and currently 65 years old. (Tr. 38; 14). Plaintiff has an 8th grade education and has worked as a cleaner of construction sites, a short order cook and a server or waitress. (Tr. at 38). In 2005, Dr. Dubiel performed a consultative examination of the Plaintiff to assess her complaints of lower back pain, neck and shoulder pain, and right knee pain. Dr. Dubiel found lower back pain with symptoms suggestive of right leg radiculopathy (a condition due to a compressed nerve or nerves that can cause pain, numbness, tingling or weakness), intermittent neck pain, intermittent right shoulder pain, and right hamstring strain. At the 2011 hearing, Plaintiff described her pain as being sore to the touch. She had been using over the counter Ibuprofen, heating pads, Advil and Tylenol. (Tr. 388).

In 2008, Dr. Karen Marcus performed a psychological evaluation of the claimant. Dr. Marcus stated that Plaintiff's affect was depressed and that her appearance suggested that she had a hard life. Dr. Marcus found Plaintiff had difficulty with detailed instructions and maintaining concentration. On the WAIS-III, Plaintiff received a verbal IQ in the Borderline Range, a Performance IQ in the Extremely Low Range, and a Full Scale IQ in the Extremely Low Range. (Tr. 276). Dr. Marcus found it likely that Plaintiff has a learning disorder and determined that Plaintiff seems to have problems with depression and anxiety. (Tr. 279-80). When asked about her mental health, Plaintiff commented that she had bad nerves, anxiety, and does not "motivate too good." (Tr. 389). Dr. Marcus stated that Plaintiff, "had limited, but satisfactory ability…to do unskilled work." (Tr. 36). The Vocational Expert ("VE") found that a hypothetical person with Plaintiff's capabilities could work in construction clean-up as a medium and two level job. (Tr. 396).

## II.     STANDARD OF REVIEW

Judicial review of a final decision of the Commissioner is authorized under 42 U.S.C § 405(g) and is limited to consideration of (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence," but may be somewhat less than a preponderance. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). It is evidence that a reasonable mind would find as adequate to support a conclusion. *Richardson*, 402 U.S. at 401. District Court's review of the Secretary's decision is not *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1990). Instead, the District Court must uphold the decision of the Commissioner even when the reviewing court would have come to a different conclusion, as long as the Commissioner's decision is supported by substantial evidence. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). A court may not re-weigh conflicting evidence, make credibility determinations, or substitute its own judgment for that of the Commissioner while reviewing whether the decision is supported by substantial evidence. *Craig,* 76 F.3d 585 at 589. The administrative law judge ("ALJ") has the ultimate responsibility to weigh the evidence and resolve any conflicts. *Hays*, 907 F.2d at 1456.

## III.     DISCUSSION

The issues on appeal are (1) whether the ALJ properly assessed the opinion of Dr. Marcus, and (2) whether the step-four RFC assessment is supported by substantial evidence, and

if the ALJ adequately evaluated the demands of Plaintiff's past work and compared it to her RFC.[2]

### 1. The ALJ Properly Addressed Dr. Marcus' Medical Opinion

The ALJ properly evaluated the medical opinions in the record. Plaintiff argues that the opinions of the examining physician support a finding of disability, and that the ALJ improperly assessed the opinion of Dr. Marcus. The Government contends that the ALJ did properly evaluate the medical opinions in the record. In reviewing an examining physician's opinion, the ALJ considers: 1) examining relationship; 2) treatment relationship; 3) supportability of the physician's opinion; 4) consistency of the opinion with the record; and 5) whether the doctor is a specialist. 20 C.F.R. §404.1527. Further, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." *Craig*, 76 F.3d at 590; *Mastro*, 270 F.3d at 178.

The ALJ assigned little weight to Dr. Marcus' assessment that Plaintiff was seriously limited but not precluded in her ability to understand and remember very short, simple, detailed instructions and respond appropriately to changes in the work setting. (Tr. 36). The ALJ made this determination because Dr. Marcus' opinion was inconsistent with the doctor's prior findings that in many areas of unskilled work Plaintiff had a limited but satisfactory ability. (Tr. 36). The ALJ agreed that Plaintiff was seriously limited in her ability to understand and remember detailed instructions, but believed that she could still perform unskilled work. (Tr. 36).

---

[2] Issues two and three of Plaintiff's and Defendant's memoranda addressed interrelated topics and have been reduced to one issue.

The ALJ also gave little weight to Dr. Marcus' opinion that Plaintiff was unable to meet competitive standards in various categories. (Tr. 36-37). The ALJ came to the conclusion that there was little evidence that Plaintiff lacked the cognitive ability to make simple work-related decisions or carry out short and simple instructions, adding that Dr. Marcus' other findings supported his determination that Plaintiff could perform unskilled work. (Tr. 37). In the RFC questionnaire Dr. Marcus stated:

> [C]laimant had limited, but satisfactory ability in the following abilities needed to do unskilled work: remember work-like procedures, maintain regular attendance and be punctual within customary, usually strict tolerances; sustain an ordinary routine without special supervision; get along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes; be aware of normal hazards and take appropriate precautions; and set realistic goals or make plans independently of others.

(Tr. 36). The ALJ found that Dr. Marcus' conclusions support the finding that Plaintiff can meet the mental demands of unskilled work. (Tr. 36). The conclusions are also consistent with the ALJ's finding that Plaintiff had "no more than moderate limitation of concentration, persistence or pace…and mild limitation of social functioning and activities of daily living from depression, anxiety and borderline intellectual functioning." (Tr. 36). The ALJ additionally commented that there was little evidence that Plaintiff could not work with others or respond appropriately to supervisors. (Tr. 37).

The ALJ noted that in giving little weight to parts of Dr. Marcus' opinion, he considered the regulatory factors, including examining relationship, treatment relationship, supportability, consistency, and specialization. (Tr. 37). Plaintiff had no treatment relationship with Dr. Marcus; Plaintiff's attorney had referred her to the doctor. (Tr. 37). Additionally, Plaintiff alleged only symptoms (including depression) to Dr. Marcus in 2011 that she had denied or not

reported previously to other treating sources. (Tr. 37). Plaintiff did not receive any mental health treatment, her school records of fair grades and regular classes contradicted the severely limited cognitive functioning that Dr. Marcus observed. (Tr. 30, 37). Plaintiff's longitudinal medical history failed to disclose evidence of depression or anxiety. Plaintiff had previously denied that she was depressed, did not allege depression or anxiety in her Disability Report, was not diagnosed with mental impairments in her treatment records from Angel Medical Center, and did not allege any mental impairments when she completed her application for treatment at the community care clinic. (Tr. 32, 37). The results of Plaintiff's MMPI-2 Test, her mental status examination, and six other diagnostic tests indicated that her ability to attend and concentrate was inconsistent with Dr. Marcus' opinion. (Tr. 37). Ultimately, Dr. Marcus' diagnosis of depression and anxiety were inconsistent with the evidence presented. (Tr. 37).

Moreover, the ALJ does not need to cite contradictory evidence in order to reject a medical opinion. Under the regulations in 20 C.F.R. §§ 404.1527 and 416.927, a treating physician's opinion is only entitled to controlling weight if it is supported by "clinical and laboratory diagnostic techniques," and is not inconsistent with other substantial evidence. *Mastro,* 270 F.3d at 178. The ALJ was under no obligation to cite to specific contradictory evidence. *See Henderson v. Astrue*, No. 3:11CV195, 2012 WL 1569575, at *5 (W.D.N.C. Mar. 22, 2012) *aff'd* by 2012 WL 1569571 (W.D.N.C. May 3, 2012).

### 2. The ALJ Conducted A Proper Step-Four Analysis

The ALJ's RFC is supported by substantial evidence. In determining whether the claimant can return to past relevant work, the ALJ must compare her RFC to the physical and mental demands of her past work. 20 CFR § 404.1560(b). The ALJ also considers whether the claimant retains the RFC to perform her past relevant work, or whether the claimant's RFC

6

allows her to perform the duties of her past job, as they are performed in the national economy. Social Security Ruling 82-61, 1982 WL 31387, at *2. At step four, the claimant has the burden of establishing that she has a physical or mental impairment that precludes her from performing past relevant work. *Hall v. Harris*, 658 F.2d 260, 24 (4th Cir. 1981).

The ALJ found that Plaintiff has the RFC to perform medium work[3] if limited to simple, 1-2 step tasks. (Tr. 31). The ALJ concluded that Plaintiff could return to her past relevant work as a cleaner of construction sites, noting that the VE classified the cleaner-construction site job as a medium SVP 2 level. (Tr. 38). Before a claimant can be found capable of performing past work, the detailed requirements of the past work must be developed and then compared to the claimant's remaining abilities. Plaintiff claims the ALJ here failed to adequately evaluate the demands of her past work or compare it to her RFC. However, the VE testified that Plaintiff's past relevant work cleaning construction sites required medium exertion with an SVP of 2 (unskilled). (Tr. 38). The ALJ found that Plaintiff was able to perform her past work cleaning construction sites as she actually performed it based on the VE's testimony and based on Plaintiff's RFC for medium work and mental RFC to perform unskilled work. (Tr. 38). Further, the ALJ had information on Plaintiff's job as a cleaner of construction sites in her Work History Report. The report stated that she walked and stood for 8 hours, lifted weights between 50-100 pounds, and frequently lifted 25-50 pounds. (Tr. 225). Even if the ALJ erred in finding that Plaintiff could perform her past work as she actually performed it, it was a harmless error, since there was substantial evidence in the VE's testimony that Plaintiff could perform the construction clean-up as performed in the national economy. (Tr. 396). Therefore, Plaintiff was

---

[3] "Medium work" is generally defined as being able to lift/carry 25 pounds frequently and 50 pounds occasionally, and stand, sit, and walk for six hours each in an eight-hour day.

not prejudiced by the ALJ's determination. *See* SSR 82-61, 1982 WL 31387, at *2; *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (finding that the burden of showing harmful error falls on the challenging party).

In determining a claimant's RFC, the ALJ considers the functional limitations resulting from claimant's medically determinable impairments; however, if there is no evidence in the record to support the presence of a physical or mental limitation then the ALJ has no choice but to find that the claimant does not have physical or mental restrictions. SSR 96-8p, 1996 WL 374184, at *1. Further, the claimant has the burden of demonstrating how her impairments impact her functioning. *See* 20 C.F.R. § 404.1512(c); *Plummer v. Astrue*, No. 5:11CV6, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (holding that, "[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC."). Based on claimant's testimony and the record, the ALJ determined Plaintiff had the RFC to perform medium work, except that she was limited to simple, 1-2 step tasks. (Tr. 31).

Plaintiff argues that the ALJ's credibility evaluation was flawed and resulted in minimizing her RFC. The ALJ sufficiently addressed Plaintiff's complaints and applied the two-step determination: (1) "there must be objective medical evidence showing the existing medical impairment(s)…which could reasonably be expected to produce the pain or other symptoms alleged." *Craig*, 76 F.3d at 594; (2) if there is medical evidence, then the ALJ must evaluate, "the intensity and persistence of the claimant's pain and the extent to which it affects [her] ability to work." *Id.* at 595. The ALJ discussed Plaintiff's testimony about her daily activities and treatment, considered Plaintiff's Disability Report, and contemplated Plaintiff's complaints to her doctor. (Tr. 34). Even if the ALJ mischaracterized Plaintiff's responsibilities in caring for a grandchild who lived with her in 2008 by stating that Plaintiff was able to care for young

children, the ALJ took many additional factors into account in his credibility determination.[4] (Tr. 33-35; Doc 10 at 26). The ALJ thoroughly took Plaintiff's treatment, medication, and inconsistencies in her reports into account. (Tr. 33-35); *Mickles v. Shalala*, 29 F.3d 918, 930 (4th Cir. 1994) (finding that "an unexplained inconsistency between the claimant's characterization of [her] condition and the treatment [she] sought to alleviate the condition is highly probative of the claimant's credibility"). The ALJ's credibility determination is supported by substantial evidence and will be upheld.

Further, the ALJ did not err when he concluded that Plaintiff was not impaired due to her failure to obtain treatment. There were no treatment records for the time at issue with the exception of two emergency room visits. (Tr. 35). Additionally, the ALJ found no evidence that Plaintiff attempted to seek subsidized or free treatment, and that her symptoms seemed to respond to conservative over the counter treatment. (Tr. 35). Plaintiff also conveyed to Dr. Marcus that she had no treatment of mental health symptoms. (Tr. 35). Plaintiff has never had surgery or had a doctor's recommendation to have surgery. (Tr. 35). From this evidence and other information in the record, the ALJ determined that Plaintiff did not receive the type of treatment expected from a totally disabled individual. (Tr. 36). The ALJ found that, "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the… RFC assessment." (Tr. 36). Although Plaintiff asserts she could not afford treatment, the ALJ is permitted to consider her failure to receive treatment due to a financial condition. *Mitchell v. Astrue*, No. 2:11CV56, 2013 WL 678068, at *4 (W.D.N.C. Feb. 25, 2013). Plaintiff's contention

---

[4] Plaintiff contends that the grandchild Plaintiff cared for was twelve years old and capable of helping with household chores.

is contradicted by her ability to pay two telephone bills, gas and electricity bills, home taxes, and car and house insurance. (Tr. 383). Plaintiff's only proof is her hearing testimony which the ALJ determined was not credible. (Tr. 36). Ultimately, the ALJ did not err in determining that Plaintiff was not impaired due to her failure to obtain treatment.

## IV.  ORDER

For the foregoing reasons, the Court concludes that the ALJ, in fact, gave proper weight to Dr. Marcus' opinions and that the ALJ's step-four RFC determination was supported by substantial evidence. The Court Concludes that the Commissioner's decision finding that Plaintiff is not disabled is supported by substantial evidence and must be <u>affirmed</u>.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment is hereby **DENIED**; Defendant's Motion for Summary Judgment is **GRANTED**; and the Commissioner's decision is **AFFIRMED**.

Signed: August 12, 2014

Richard L. Voorhees
United States District Judge